# Exhibit 8

# Exhibit 8

# Exhibit 8

FILED
Electronically
2015-03-05 01:23:10 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 4846881 : mcholico

1  **CODE: $1425**
Philip L. Kreitlein, Esq.
2  Nevada State Bar No. 5394
KREITLEIN LAW GROUP, LTD.
3  470 E. Plumb Lane, Suite 310
Reno, Nevada 89502
4  Telephone: (775) 786-2222
Attorney for Plaintiffs:
5  *JOHN D. REILLY* and *ANTONIA REILLY*

6  **IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

7  **IN AND FOR THE COUNTY OF WASHOE**

8  * * *

9  JOHN D. REILLY, an individual;     Case No.: CV15-00430
and ANTONIA REILLY, an individual;
10     Dept. No.: 3
            Plaintiffs,
11
vs.
12
OCWEN LOAN SERVICING, LLC.,
13 a foreign Limited Liability Company;
MORTGAGE ELECTRONIC REGISTRATION
14 SYSTEMS, INC., AS NOMINEE FOR LENDER
AEGIS LENDING CORPORATION; U.S.
15 BANK NATIONAL ASSOCIATION., a foreign
lending institution; and all persons unknown claiming
16 legal title or equitable right, title, estate, lien, or
interest in the property described in the Complaint
17 adverse to Plaintiffs' title, or any cloud on
Plaintiff's title thereto; DOES 1 - 10, and
18 CORPORATIONS I - X, inclusive.

19            Defendants.
_____/
20
**COMPLAINT FOR DECLARATORY RELIEF AND**
21 **TO QUIET TITLE TO REAL PROPERTY**
(Arbitration Exemption Claimed: Declaratory Relief Sought / Affects Title to Real Property)
22

23  COMES NOW, the Plaintiffs, JOHN D. REILLY and ANTONIA REILLY (hereinafter

24 "Plaintiffs"), by and through their attorneys, KREITLEIN LAW GROUP, LTD., and allege as follows:

25  **GENERAL ALLEGATIONS**

26  1.  Plaintiffs are the legal and rightful owners of the property commonly known as 7389

27 Silver King Drive, Sparks, Nevada 89436, more particularly known as APN 522-202-02 (hereinafter

28 "Property").

2.      Defendant OCWEN LOAN SERVICING, LLC, (hereinafter "OCWEN"), is a Delaware limited liability company registered to conduct business in the State of Nevada with the Nevada Secretary of State and upon information and belief is the loan servicer authorized to service loans originating within the State of Nevada.

3.      Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AEGIS LENDING CORPORATION, (hereinafter "MERS") is a foreign corporation and is the purported holder of the Deed of Trust and Loan Agreement relating to Plaintiffs' Property.

4.      Defendant U.S. BANK NATIONAL ASSOCIATION, (hereinafter "U.S. BANK"), is a foreign corporation, which upon information and belief, may have a financial interest in, or may be the substitute trustee to the Deed of Trust and Loan Agreement relating to Plaintiffs' Property.

5.      Defendants named herein as "all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the Complaint adverse to Plaintiffs' title or any cloud on Plaintiffs' title thereto" hereinafter referred to as "UNKNOWN DEFENDANTS" are unknown to Plaintiffs. These UNKNOWN DEFENDANTS, and each of them, claim some right, title, estate, lien or interest in the Property adverse to Plaintiffs' title and their claim, and each of them, constitute a cloud on Plaintiffs' title to that Property.

6.      Defendants, DOES 1-10 and CORPORATIONS I - X, inclusive, are fictitious names; that Plaintiffs are ignorant of the true names of the individuals, corporations, co-partnerships, and associates so designed by said fictitious names, and when the true names are discovered, Plaintiffs will seek leave to amend this Complaint and proceedings herein to substitute the true names of said Defendants. Plaintiffs believe that each of the Defendants designated herein as DOES claim some right, title, estate, lien or interest in the hereinafter-described Property adverse to Plaintiffs' title and their claims and each of them, constitute a cloud on Plaintiffs' title to the Property.

7.      Plaintiffs are informed and believe that at all times relevant herein, Defendants, and each of them, were the agents, servants, partners, joint ventures, employees, principals, independent contractors or sureties of each other and at all times mentioned herein were acting within the time, scope and course of said employment or agency and/or with the knowledge, permission and consent of all of said other Defendants

8. Plaintiffs allege that the within action is exempt from Nevada's Mandatory Arbitration Program pursuant to NAR 3 because the claims asserted herein affect title to real property and seek declaratory relief.

9. That in or around September, 2005, Plaintiffs entered into a Loan Agreement with lender, Aegis Lending Corporation, which Loan Agreement was secured by a *Deed of Trust* executed by Plaintiffs on September 20, 2005, and recorded in the official records of the Washoe County Recorder's Office as Document Number 3282393 on September 26, 2005.

10. That according to the terms of the Deed of Trust, MERS was appointed nominee for lender Aegis Lending Corporation, and its successors and assigns.

11. Plaintiffs are informed and based upon such information and belief, allege that U.S. BANK is a substitute trustee, investor and successor-in-interest to Aegis Lending Corporation relating to the Loan Agreement and Deed of Trust recorded against Plaintiffs' Property.

12. Plaintiffs are informed and believe, and based upon such information and belief, allege that OCWEN was appointed loan servicer for MERS and/or U.S. BANK and that OCWEN has been accepting monthly mortgage payments from Plaintiffs on behalf of Aegis Lending Corporation, its successors and assigns, since approximately November, 2005.

13. Plaintiffs are informed and believe, and based upon such information and belief, allege that OCWEN was the authorized agent of MERS and/or U.S. BANK charged with the responsibility to collect and process monthly mortgage payments from its borrowers, including Plaintiffs.

14. That commencing November, 2005, Plaintiffs began making their monthly mortgage payment of exactly $2,678.30, directly to OCWEN, as directed by the prior loan servicer Aegis Lending Corporation.

15. That shortly after being installed as servicer for Plaintiffs' loan, OCWEN contacted Plaintiffs with an offer to lower their monthly mortgage payments, which would include a reduction in the applicable loan interest rate.

16. That Plaintiffs began the loan modification process by completing OCWEN's Loan Modification Application and submitting same to OCWEN in December, 2005.

17. That over the course of the next several months, Plaintiffs took all action directed by OCWEN regarding the subject loan, which action included briefly suspending the monthly loan payment and/or paying a reduced amount per month.

18. That Plaintiffs continued with the loan modification application process until such time as OCWEN informed Plaintiffs their monthly mortgage payment would actually increase, rather than decrease as they expected.

19. Contrary to Plaintiffs' direction, OCWEN unilaterally included Plaintiffs' property taxes and insurance in the monthly mortgage payment despite the fact Plaintiffs had been paying these additional expenses directly, which caused Plaintiffs' modified monthly mortgage payment amount to actually increase over what Plaintiffs had been paying.

20. Upon being informed by OCWEN that their monthly loan payment would actually increase as a result of the loan modification, Plaintiffs informed OCWEN they were no longer interested in a loan modification and instructed OCWEN they would resume paying the original monthly amount of $2,678.30.

21. That OCWEN failed to properly apply Plaintiffs' monthly payments, including the reduced monthly payments made by Plaintiffs, during the loan modification trial payment period.

22. That as a result of OCWEN's failures to properly apply Plaintiffs' monthly payments, OCWEN has deemed Plaintiffs' loan in default, which determination caused OCWEN to begin charging Plaintiffs erroneous late fees, certified mailing fees, and inspection fees.

23. That OCWEN has continued to charge Plaintiffs' loan with erroneous late fees, certified mailing fees and inspection fees on a monthly basis since approximately 2006.

24. That during the failed loan modification process, Plaintiffs made each payment by the due date and in the amount directed by OCWEN.

25. That Plaintiffs' credit and their associated credit score has been damaged by OCWEN's actions as described herein, resulting in Plaintiffs being forced to pay higher interest rates for automobile loans, personal loans, credit cards and lines of credit.

26. That Plaintiffs have been forced to incur substantial accounting and legal fees in an effort to convince OCWEN of its numerous failures regarding the subject loan and Deed of Trust.

27. That Plaintiffs' are not in default on their loan, despite the erroneous determination made by OCWEN.

28. This Court has jurisdiction to hear this case for declaratory and injunctive relief pursuant to NRS 30.040 and NRS 33.010.

29. That Plaintiffs are entitled to declaratory relief establishing they are not in default on their loan.

30. That Plaintiffs are entitled to injunctive relief to restrain Defendants from proceeding with a judicial or non-judicial foreclosure of Plaintiffs' Property.

31. This Court has jurisdiction to hear the action to quiet title to the Property pursuant to NRS 40.010, *et seq.*

32. Plaintiffs remain willing and able to pay a reasonable mortgage against the Property.

33. Plaintiffs have been damaged in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00) by the actions of Defendants as heretofore described.

34. Plaintiffs have been forced to retain and attorney to prosecute this action and are entitled the reasonable amount incurred therein.

### FIRST CLAIM FOR RELIEF
(Quiet Title: Against All Named Defendants)

35. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

36. A dispute has arisen over the respective rights of the parties in and to the Property that is appropriate for adjudication pursuant to NRS 40.010.

37. Plaintiffs have a claim to title to the Property that is adverse to the claims of title asserted by the Defendants.

38. Plaintiffs contend that any claim to the Property by each named Defendant is improper or was improperly assigned or was extinguished by its predecessor-in-interest.

39. Plaintiffs contend that any claim of lien against the Property by Defendants is invalid or unenforceable for some defect.

. . .

40. Plaintiffs have no plain, speedy or adequate remedy at law, and an adjudication of the parties' rights and duties concerning the Property is necessary and appropriate. The issues are ripe for adjudication in light of the Defendants' defaults.

41. Plaintiffs pray for a Decree of Quiet Title effective immediately, and a finding that the Plaintiffs' were not in default of the subject mortgage; that any claim to the Property by any named Defendant is improper, invalid and unenforceable.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief: Against All Defendants)

42. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

43. Plaintiffs are entitled to a Declaration in accordance with NRS Chapter 30, that Plaintiffs are not in default of the note, mortgage or Deed of Trust against the Property, and that Defendants' claims, if any, are invalid and unenforceable.

## THIRD CLAIM FOR RELIEF
### (Breach of Agreement: Against All Defendants)

44. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

45. Plaintiffs entered into a Loan Agreement with Defendants or their predecessors-in-interest as heretofore described.

46. Defendants have breached the terms of the Loan Agreement by failing to properly apply the payments made by Plaintiffs to the loan balance.

47. Defendants have further breached the terms of the Loan Agreement by erroneously charging Plaintiffs' loan account with late fees, service charges, certified mailing fees and other improper fees.

48. Plaintiffs have suffered serious damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00) as a result of Defendants' actions and inactions as heretofore described.

49. Plaintiffs have been forced to retain an attorney to prosecute this action and are entitled the reasonable amount incurred therein.

. . .

WHEREFORE, based upon the foregoing, Plaintiffs seek the following relief:

1. For a Decree of Quiet Title in favor of Plaintiffs and against Defendants;
2. For a Declaration of the parties' rights and duties in respect to the Deed of Trust and the identified Property;
3. For a Declaration that Plaintiffs are not in default of the Loan Agreement at issue in this action;
4. For an Order directing Defendants to take all action necessary to repair Plaintiffs' credit;
5. For an award of general damages in an amount in excess of $10,000.00;
6. For an award of attorney's fees and costs of suit herein; and
7. For such other and further relief as the Court may deem just, proper, and equitable.

**AFFIRMATION PURSUANT TO NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this 5th day of March, 2015.

KREITLEIN LAW GROUP, LTD.

By: /ss/ PHILIP L. KREITLEIN, ESQ.
PHILIP L. KREITLEIN, ESQ.
Nevada State Bar No. 5394
470 E. Plumb Lane, Ste. 310
Reno, Nevada 89502
Telephone: (775) 786-2222
Attorney for Plaintiffs:
*JOHN D. REILLY* and *ANTONIA REILLY*

KREITLEIN LAW GROUP, LTD.
470 E. PLUMB LANE, RENO, NV 89502
(775) 786-2222 · FAX (775) 786-2478

7